**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL PREWITT,** | : | **CIVIL ACTION NO. 1:26-CV-1085** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN OF FCI-LEWISBURG,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241 by a federal prisoner, who argues that the United States Bureau of Prisons ("BOP") has improperly deemed him ineligible for First Step Act ("FSA") time credits. The habeas petition will be denied.

## I. Factual Background & Procedural History

Petitioner Michael Prewitt is incarcerated in Lewisburg Federal Correctional Institution ("FCI-Lewisburg") serving a 105-month sentence of imprisonment for possession with intent to distribute 40 grams or more of fentanyl with intent to distribute. (See Doc. 6-4). Prewitt filed this case on April 18, 2026, and the court received and docketed his petition on April 24, 2026. (Doc. 1). Prewitt argues that the BOP has improperly deemed him ineligible for FSA credits based on his fentanyl conviction. (Id.) According to Prewitt, the relevant provision of the FSA is 18 U.S.C. § 3632(d)(4)(D)(lxviii). (Id.) Prewitt argues that Section 3632(d)(4)(D)(lxviii) requires a finding from the sentencing court that the defendant was an organizer, leader, manager, or supervisor of others involved in the

distribution of fentanyl for the defendant to be deemed ineligible for FSA credits. (Id.) Because no such finding was made by the sentencing court, Prewitt argues that he is eligible for FSA credits.

Respondent responded to the petition on June 1, 2026. (Doc. 6). Respondent argues that the relevant provision of the FSA is not 18 U.S.C. § 3632(d)(4)(D)(lxviii), but rather 18 U.S.C. § 3632(d)(4)(D)(lxvi). (Id.) Respondent notes that no finding that the defendant was an organizer, leader, manager, or supervisor is necessary for an inmate to be deemed ineligible for FSA credits under Section 3632(d)(4)(D)(lxvi), and therefore Prewitt is ineligible for FSA credits. (Id.)

## II. Discussion

The FSA allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). Inmates who have been convicted of certain crimes are ineligible for FSA credits. 18 U.S.C. § 3632(d)(4)(D). The statute contains two subsections disqualifying inmates who have been convicted of certain offenses involving fentanyl, 18 U.S.C. § 3632(d)(4)(D)(lxvi) and 18 U.S.C. § 3632(d)(4)(D)(lxviii). Prewitt's eligibility for FSA credits turns on which of these provisions governs his sentence.

Under 18 U.S.C. § 3632(d)(4)(D)(lxvi), an inmate is ineligible for FSA credits if he has been convicted of "manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance

containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide"[1] in violation of 21 U.S.C. § 841(b)(1) or 21 U.S.C. § 960(b). 18 U.S.C. § 3632(d)(4)(D)(lxvi). Section 841(b)(1) provides that a defendant is subject to a ten-year mandatory minimum sentence if he is found to have possessed "400 grams or more of a mixture or substance containing a detectable amount of [fentanyl] or 100 grams or more of a mixture or substance containing a detectable amount of any analogue of [fentanyl] or a fentanyl-related substance." 21 U.S.C. § 841(b)(1)(A)(vi). Section 960(b) provides that a defendant is subject to a five-year mandatory minimum sentence if he is found to have possessed 40 grams or more of a mixture or substance containing a detectable amount of [fentanyl] or 10 grams or more of a mixture or substance containing a detectable amount of any analogue of [fentanyl] or a fentanyl-related substance." 21 U.S.C. § 960(b)(1)(F).

Under 18 U.S.C. § 3632(d)(4)(D)(lxviii), an inmate is ineligible for FSA credits if he has been convicted of "manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a controlled substance, or knowingly importing or exporting a controlled substance" in violation of 21 U.S.C. § 841(b)(1) or 21 U.S.C. § 960(b) "if the sentencing court finds that":

> (I) the offense involved a mixture or substance containing a detectable amount of [fentanyl], or any analogue thereof; and

---

[1] N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide is "commonly known as fentanyl." Saldana v. Warden, No. 3:25-CV-2472, 2026 WL 196512, at *2 (M.D. Pa. Jan. 26, 2026), and the parties agree that Prewitt's conviction arises from the possession of fentanyl. Thus, the court will refer to N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide as "fentanyl" throughout the remainder of this opinion and will substitute "fentanyl" in any statutory provisions using that term.

> (II) the offender was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission.

18 U.S.C. § 3632(d)(4)(D)(lxviii).

Read together, sections 3632(d)(4)(D)(lxvi) and 3632(d)(4)(D)(lxviii) create a unified structure where an inmate is ineligible for FSA credits if (a) he has been convicted of a crime involving the possession of 40 grams or more of fentanyl; or (b) he has been convicted of a crime involving the possession of any amount of fentanyl and he played a leadership role in the distribution of the fentanyl.

Prewitt argues that he is eligible for FSA credits because he was not found to have played a leadership role as required by 3632(d)(4)(D)(lxviii). He is mistaken. Because he was convicted of possessing 40 grams or more of fentanyl, he is ineligible for FSA credits under 3632(d)(4)(D)(lxvi), without any need to establish that he played a leadership role.

Prewitt argues to the contrary that under SEC v. Chenery Corp ("Chenery I"), 318 U.S. 80 (1943), the BOP cannot argue that Section 3632(d)(4)(D)(lxvi) bars him from receiving FSA credits because that is not the rationale that the BOP used in denying his administrative remedy requests on this issue. (Doc. 7 at 1-2).

The Chenery I doctrine as developed by Chenery I and its progeny states that "a court may uphold agency action only on the grounds that the agency invoked when it took the action." Michigan v. EPA, 576 U.S. 743, 758 (3d Cir. 2015) (citing Chenery I, 318 U.S. at 87). Chenery I is generally applied to formal rulemaking or adjudications by an agency. The court is unaware of any controlling or persuasive

authorities holding that the Chenery I doctrine applies to decisions by prisons addressing prisoner grievances. However, even assuming for the sake of argument that the Chenery I doctrine could apply to such decisions, the doctrine is plainly not applicable in this case. In denying Prewitt's final administrative appeal, the BOP's central office stated the following:

> As required by the FSA and pursuant to 18 U.S.C. §3632(d)(4)(D) and 28 CFR part 523 and part 541, an inmate cannot earn FTCs if that inmate is serving a sentence for a disqualifying offense or has a disqualifying prior conviction. Our review revealed your conviction under 21 U.S.C. §841(a)(1) & (b)(1)(B), Possession with Intent to Distribute 40 Grams or More of Fentanyl deems you ineligible under FSA. This is based on the amount of Fentanyl associated with your conviction.

(Doc. 1-1 at 2). Prewitt argues that the respondent's theory in the instant litigation is "entirely different" from the BOP's rationale in denying his administrative appeal because "the Bureau did not identify 18 U.S.C. § 3632(d)(4)(D)(lxvi), did not analyze whether Petitioner's conviction fell within that subsection, and did not explain why subsection (lxviii) was inapplicable. Instead, the Bureau denied relief based solely upon fentanyl quantity." (Doc. 7 at 1).

The court respectfully disagrees. Although the BOP did not explicitly cite 18 U.S.C. § 3632(d)(4)(D)(lxvi), its blanket citation to § 3632(d)(4)(D) and its statement that the "amount of Fentanyl associated with" Prewitt's conviction disqualified him from FSA credits clearly shows that it was relying on that subsection. And although the BOP did not explain why Section 3632(d)(4)(D)(lxviii) was inapplicable, it did not need to do so. It cited to the general statutory section of §3632(d)(4)(D), and

Section 3632(d)(4)(D)(lxvi) is plainly the most relevant subsection in that section to Prewitt's conviction.

Prewitt also argues that respondent's reading of Section 3632(d)(4)(D)(lxvi) as barring him from receiving FSA credits would render Section 3632(d)(4)(D)(lxviii) superfluous because "[i]f Respondent is correct that all fentanyl convictions falling within § 841(b)(1)(B) are already excluded under subsection (lxvi), then subsection (lxviii) performs little or no independent work." (Doc. 7 at 3).

The court again disagrees with Prewitt's reading of the statute. Section 3632(d)(4)(D)(lxvi) does not render 3632(d)(4)(D)(lxviii) superfluous: the two statutes simply treat fentanyl convictions differently for purposes of FSA credits depending on the amount of fentanyl involved in the conviction. Where the petitioner is convicted of an offense involving 40 grams or more of fentanyl, he is automatically ineligible for FSA credits under 3632(d)(4)(D)(lxvi). Where, on the other hand, he is convicted of an offense involving less than 40 grams of fentanyl, 3632(d)(4)(D)(lxviii) states that he is only ineligible for FSA credits if the sentencing court found that he performed a leadership role in the distribution of the fentanyl. The court's reading of the statute therefore gives effect to both statutory provisions, and Prewitt is plainly ineligible for FSA credits under 3632(d)(4)(D)(lxvi) because his conviction involved 40 grams or more of fentanyl.

Prewitt additionally argues that Section 3632(d)(4)(D)(lxviii) must control over 3632(d)(4)(D)(lxvi) because it is the more specific provision addressing a narrower category of fentanyl offenders. (Doc. 7 at 4). This is incorrect. As explained

above, the two statutory provisions address different categories of offenders: Section 3632(d)(4)(D)(lxvi) addresses inmates convicted of offenses involving 40 grams or more of fentanyl; Section 3632(d)(4)(D)(lxviii) addresses inmates convicted of offenses involving less than 40 grams of fentanyl.

Finally, Prewitt argues that under the rule of lenity, the statute should be read in favor of giving him FSA credits. (Doc. 7 at 4). The rule of lenity "applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute." Shular v. United States, 589 U.S. 154, 165 (2020) (quoting United States v. Shaboni, 513 U.S. 10, 17 (1994). Here, the rule of lenity is plainly inapplicable because there is no ambiguity in the statute: Section 3632(d)(4)(D)(lxvi) applies to Prewitt's sentence; Section 3632(d)(4)(D)(lxviii) doesn't.

## III. Conclusion

The habeas corpus petition is denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: September 21, 2026